UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE LONZELL WILLIAMS,

        Petitioner,

v.        Case Number 09-12125
        Honorable David M. Lawson

WAYNE COUNTY,

        Respondent.
_____/

## ORDER GRANTING THE PETITIONER'S MOTION FOR A STAY AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

The petitioner, Terrence Lonzell Williams, filed a combined *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay these proceedings on June 2, 2009. He presently is confined at Carson City Correctional Facility in Carson City, Michigan and alleges that he is incarcerated in violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. He seeks a stay of these proceedings to pursue state court remedies for a new claim, in which he alleges that the Detroit crime laboratory's tests on the firearm supposedly used to commit the crimes may have been tainted. A stay is appropriate in this case. The Court will grant the petitioner's motion, stay the petition, establish conditions under which the petitioner must proceed, and administratively close the case.

I.

The petitioner was convicted of second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony following a jury trial in Wayne County, Michigan circuit court. On September 16, 2005, he was sentenced to two years in prison

for the firearm conviction, to be followed by concurrent terms of thirty to sixty years for the murder and twenty to forty years for the assault.

The petitioner challenges his convictions on the grounds that the prosecutor failed to produce an endorsed *res gestae* witness, the trial court failed to give a missing-witness instruction, and his trial attorney was ineffective. He raised and exhausted these claims on direct review in the Michigan state courts. The appellate court affirmed the sentence on November 15, 2007, and the Michigan Supreme Court denied the petitioner's application for leave to appeal on March 24, 2008. He filed this *pro se* habeas petition on June 2, 2009.

In the motion to stay proceedings, the petitioner added a new claim that was not presented in state court. He alleges that Detroit crime laboratory's testing may have been tainted and re-testing may now prove that he is actually innocent. He says that due to high error rates, the Detroit crime laboratory has since shut down entirely. He further states that the Wayne County Prosecutor's Office offered to review firearm evidence in any case processed by that lab, upon request by a defendant. The State Appellate Defenders Office has requested retesting in the petitioner's case, but the process has not yet been completed. In support of this claim, the State Appellate Defenders Office has already filed a motion for relief from judgment in the state trial court based on newly discovered evidence and the improper admission of the firearm expert's testimony describing the laboratory analysis. The petitioner now asks the Court to hold his case in abeyance until such time as he can exhaust state remedies for this additional claim and return to this Court.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal

habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's

-3-

failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion where to do otherwise would jeopardize the timeliness of a subsequent petition. *See Griffin v. Rogers*, 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

The Michigan Court Rules provide a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claim. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.

The petitioner has failed to comply with the exhaustion requirement by not presenting all of his claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising those claims in his habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan*, 526 U.S. at 834; *McMeans*, 228 F.3d at 681; *Rust*, 17 F.3d at 160. Although three of his claims were raised in both state appellate courts and have been exhausted, the petitioner's new claim regarding the firearm tests has not been exhausted. Therefore, the habeas petition is a "mixed" petition of three exhausted claims and at least one unexhausted claim. The Court has the authority to dismiss a "mixed" petition containing exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

However, the dismissal of the petition in this case, even without prejudice, may preclude future consideration of the petitioner's claims in this Court because the statute of limitations will expire. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied the petitioner's application for leave to appeal on March 24, 2008. The petitioner's conviction became final ninety days later, on June 22, 2008, when the time during which the petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, June 23, 2008. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending *pro se* petition on June 2, 2009. Therefore, if the Court does not toll the limitations period during the pendency of state court action on this claim, the limitations period likely will expire and any subsequent habeas petition filed by the petitioner would be untimely.

The petitioner can demonstrate "cause" for his failure to exhaust and can show that his

unexhausted claim is not "plainly meritless" nor the result of "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78. He alleges that testing done by the firearms unit of the now-closed Detroit crime laboratory may have been tainted and that re-testing may prove his innocence. As of the date of the habeas petition, the test results were not completed or disclosed to the petitioner. The petitioner claims that he could not have raised his claim about the firearms testing any earlier because the State of Michigan only recently initiated re-testing of ballistic evidence.

III.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claims and will stay further proceedings in the current action, provided that the petitioner acts promptly. *See Palmer*, 276 F.3d at 781.

Accordingly, it is **ORDERED** that the petitioner's motion to hold his petition in abeyance [dkt. #1] is **GRANTED**.

It is further **ORDERED** that the petitioner shall file an amended petition in this Court within **fifty-six days** after the conclusion of the state court proceedings. If the petitioner fails to file an amended petition within that time, the case will be dismissed without prejudice. After the petitioner files an amended petition, the Court will order the respondent to file an answer to the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

It is further **ORDERED** that to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition

following exhaustion of state remedies, the Court may order the Clerk to re-open this case for statistical purposes.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 15, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2009.

s/Lisa M. Ware  
LISA M. WARE

---